Gerson Jose LUCIANO–RAMOS,
Petitioner,

v.

Michael B. MUKASEY, Attorney
General, Respondent.

No. 07–72200.

United States Court of Appeals,
Ninth Circuit.

Submitted July 22, 2008.*

Filed July 30, 2008.

Gerson Jose Luciano–Ramos, Tacoma,
WA, pro se.

Ronald E. Lefevre, Chief Counsel, Office
of the District Counsel Department of
Homeland Security, San Francisco, CA,
WWS–District Counsel, Immigration and

---

* The panel unanimously finds this case suitable
for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2).

**370**

Naturalization Service Office of the District Counsel Seattle, WA, OIL, DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: B. FLETCHER, THOMAS, and WARDLAW, Circuit Judges.

MEMORANDUM **

Gerson Jose Luciano–Ramos, a native and citizen of Brazil, petitions pro se for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. Reviewing for substantial evidence, *INS v. Elias–Zacarias*, 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992), we deny in part and dismiss in part the petition for review.

The record does not compel the conclusion that Luciano–Ramos' untimely filing of his asylum application should be excused due to changed or extraordinary circumstances. *See* 8 U.S.C. § 1158(a)(2)(D); 8 C.F.R. § 208.4(a)(4), (5).

■ Substantial evidence supports the agency's denial of withholding of removal because Luciano–Ramos failed to establish that it is more likely than not that he will be persecuted on account of a protected ground if he returns to Brazil. *See Elias–Zacarias*, 502 U.S. at 481–82, 112 S.Ct. 812; *see also* 8 C.F.R. § 1208.16(b) (ex-

** This disposition is not appropriate for publication and is not precedent except as provid-

plaining that applicant for withholding of removal bears burden of showing persecution was or will be on account of a protected ground).

■ Substantial evidence further supports the denial of CAT relief because Luciano–Ramos did not show it is more likely than not that he will be tortured by or with the acquiescence of the government. *Cf. Zheng v. Ashcroft*, 332 F.3d 1186, 1194–95 (9th Cir.2003).

■ We lack jurisdiction to review Luciano–Ramos' contentions that he qualifies for humanitarian asylum, that his procedural due process rights were violated, and that he suffers from seizures, because he failed to exhaust these claims before the agency. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir.2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**